R. J. BELL v. RACHEL BYINGTON, ADMINISTRATRIX.

While interest disqualified a witness, it was a principle of the law of evidence that an interest which disqualified a married man also disqualified his wife as a witness.

ERROR from Nueces. Tried below before the Hon. Thomas J. Devine.

This cause antedates the civil war. It seems to have been continued in the Supreme Court for the purpose of making parties. The opinion states the material facts.

*F. Fauntleroy,* for the plaintiff in error.

No brief for the defendant in error.

OGDEN, J. This suit was instituted on a note executed by Samuel Byington to William Remick, on the 7th of March, 1858, for twelve Spanish mares, payable " on or before the first "day of May next," which was assigned to appellant Bell,

October 10th, 1858. The defense set up is payment and satisfaction.

The facts of the case show conclusively that, soon after its execution, the payee and holder of the note traded the same to one Vinyard, who collected of the maker, Byington, the Spanish mares specified, but not having the note with him he agreed to destroy the same, but, for some reason, failed to do so. The note afterwards fell into the possession of Remick, the payee, who again transferred it, after it had been paid to Vinyard, and long after it had become due, to the plaintiff in error. The cause was submitted to a jury, and a verdict and judgment were rendered in favor of the defendant in error as administratrix.

There is nothing in the assignment of errors which would warrant a reversal of the judgment. Remick was the assignor of the note, and was liable as guarantor; and it is an elementary principle of the law of evidence that, where the husband is incompetent as a witness, on account of interest, the wife is also incompetent. The court did not, therefore, err in excluding the deposition of Mrs. Remick.

The instructions given to the jury were the law which ought to have governed the cause, and the instructions asked by the plaintiff were objectionable in more than one particular, and should have been refused.

There is no sufficient error in the judgment to authorize a reversal of the same, and it is affirmed.

Affirmed.